

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 11, 2017

**BY CM/ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re: *United States v. Sheldon Silver*
         Docket No. 16-1615

Dear Ms. Wolfe:

    The Government respectfully submits this letter, pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, to address this Court's recent decision in *United States v. Boyland*, No. 15-3118 (July 10, 2017), which held that the definition of "official act" set forth in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), does not apply to violations of 18 U.S.C. § 666. Slip op. at 21-22.

    In addition, with respect to the honest services fraud and Hobbs Act extortion counts charged in *Boyland*, this Court concluded that, although the jury instructions were erroneous in light of *McDonnell*, the error did not affect Boyland's substantial rights, at least in part because the ultimate success of the charged scheme would "require the formal exercise of government power," such as the issuance of city and state permits and approvals. Slip op. at 22-23.[1]

---

[1] The instructions found to be erroneous in *Boyland* went considerably further than the instructions challenged in this case, because in *Boyland* the jury was instructed that "official acts" include merely "contacting or lobbying other governmental agencies, and advocating for constituents." *Boyland*, slip op. at 14. That instruction was not present in this case.

Catherine O'Hagan Wolfe, Clerk of Court
July 11, 2017
Page 2 of 2

  In this case, the evidence at trial proved that Sheldon Silver took and agreed to take actions – such as arranging for state grants and ensuring the passage of major pieces of legislation – that are undisputedly official acts, and it is likewise clear that the "as opportunities arose" scheme charged in the Indictment necessarily contemplated the formal exercise of governmental power. *See* Gov't Br. 30-43. Thus, as in *Boyland*, any error in the jury instructions did not affect the outcome of the case or the defendant's substantial rights.

              Respectfully submitted,

              JOON H. KIM
              Acting United States Attorney

         By: __/s/_____
              Karl Metzner
              Assistant United States Attorney
              (212) 637-2476

cc: Defense Counsel (by CM/ECF)